THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHALON INC. and EAGLE PHARMACEUTICALS, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) C.A. No. 17-1154-CFC<br>) (Consolidated)<br>) |
| SLAYBACK PHARMA LIMITED LIABILITY CO., | )<br>)<br>) |
| Defendant. | )<br>) |

**JOINT STATUS REPORT**

Pursuant to the Court's October 5, 2018 Oral Order, the parties, by and through their undersigned counsel, submit this Joint Status Report.

**I.     Substance of the Action**

This is a Hatch-Waxman patent infringement action that arises from Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex"), Fresenius Kabi USA, LLC ("Fresenius Kabi"), Mylan Laboratories Ltd. ("Mylan"), and Slayback Pharma Limited Liability Co. ("Slayback") filing Abbreviated New Drug Applications ("ANDAs") seeking approval to manufacture and sell a generic version of Plaintiffs' cancer treatment Bendeka® prior to the expiration of certain patents.  Bendeka®, which is a liquid formulation containing the active ingredient bendamustine hydrochloride, is an alkylating drug indicated for the treatment of patients with chronic lymphocytic leukemia and indolent B-Cell non-Hodgkin lymphoma.

Eagle Pharmaceuticals, Inc. ("Eagle") is the holder of the New Drug Application for Bendeka® and the owner and assignee of U.S. Patent Nos. 8,609,707 (the "'707 patent"), 9,265,831 (the "'831 patent"), 9,572,796 (the "'796 patent"), 9,572,797 (the "'797 patent"),

1

9,034,908 (the "'908 patent"), 9,144,568 (the "'568 patent"), 9,572,887 (the "'887 patent"), 9,597,397 (the "'397 patent"), 9,597,398 (the "'398 patent"), 9,597,399 (the "'399 patent"), 9,000,021 (the "'021 patent"), or 9,579,384 (the "'394 patent") (collectively, the "Patents-in-Suit"), which are listed in the Orange Book in connection with Bendeka®. Teva Pharmaceuticals International GmbH and Cephalon, Inc. (collectively, "Teva") are exclusive licensees of the Patents-in-Suit.

Eagle and Teva (collectively, "Plaintiffs") allege that Apotex, Fresenius Kabi, and Mylan infringe each of the Patents-in-Suit by seeking approval from the U.S. Food and Drug Administration ("FDA") to engage in the commercial manufacture, use and/or sale of generic version of Bendeka® prior to the expiration of the Patents-in-Suit. Plaintiffs allege that Slayback infringes the '887 patent by seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of a generic version of Bendeka® prior to the expiration of the '887 patent.[1] Defendants deny infringement and also allege that the Patents-in-Suit are invalid.

The thirty-month stays in this case expire in 2020. As to Slayback, the thirty-month stay expires on January 6, 2020. As to Apotex, the thirty month stay expires on January 7, 2020. As to Fresenius Kabi, the thirty-month stay expires on January 14, 2020. As to Mylan, the thirty-month stay expires on April 30, 2020. Bendeka® has additionally been granted an Orphan Drug

---

[1] Slayback has certified to FDA that it will not market its proposed generic version of Bendeka® until the other Patents-in-Suit expire. Plaintiffs initially alleged that the Defendants also infringed U.S. Patent Nos. 8,791,270 (the "'270 patent"), and Defendants alleged that the asserted claims of the '270 patent were invalid and not infringed. Teva (the owner and licensee of the '270 patent) has since granted covenants not to sue with respect to the '270 patent to all Defendants. Apotex, Mylan, and Fresenius Kabi have also entered into voluntary stipulations of dismissal or consent judgements with Teva regarding non-infringement of the '270 patent. Slayback and Teva have not been able to reach agreement on the form of a stipulation of dismissal or consent judgment. Plaintiffs have thus moved to dismiss the claims and counterclaims related to the '270 patent, and briefing on that issue is not yet completed. D.I. 111.

Exclusivity ("ODE"), which is pending appeal, but currently prevents any generic launch until December 7, 2022.  The Patents-in-Suit expire between January 28, 2031, and March 15, 2033.

## II.     Case Status

This case is nearing the end of fact discovery.  The deadline for substantial completion of document production was on July 15, 2018, and fact discovery is set to close on November 30, 2018.  The parties have exchanged initial contentions on the issues for which they bear the burden of proof and are scheduled to exchanged final contentions on those issues on December 7, 2018 (final infringement contentions), and January 11, 2018 (final invalidity contentions).

There is no required claim construction for the Patents-in-Suit, although claim construction may be required at a later point for the '270 patent, as discussed below.  In July 2018, the parties submitted a Joint Claim Construction Statement, stating that there were no terms to be construed in any of the Patents-in-Suit on the understanding that then presiding Judge Sleet did not hear indefiniteness arguments at claim construction.  *See* D.I. 94 at 2.  After the case was transferred from Judge Sleet to Chief Judge Stark, Fresenius Kabi and Mylan asked Chief Judge Stark to hear Defendants' indefiniteness arguments pursuant to Defendants' reservation of their indefiniteness arguments were the case to be assigned to a new judge.  D.I. 98.  Chief Judge Stark denied that request and stated that "the Court will deems it most reasonable in the context of this case not to address indefiniteness now but instead to do so, to the extent necessary, at trial."  D.I. 117.  The Court also, at that time, cancelled the claim construction hearing.  D.I. 117.

As to infringement of the '270 patent, for which Teva entered into either a consent judgment or stipulation of dismissal with three of the four Defendants, and the counterclaims of all Defendants except Slayback have been dismissed, the parties did identify one claim term for construction.  D.I. 94.  Chief Judge Stark has since issued an order stating that the Court would

3

resolve any material claim construction disputes "involving any patent as to which a substantial controversy exists, including (if necessary) the '270 patent" after motion to dismiss briefing with respect to Slayback was completed and decided. D.I. 117. As explained *supra* n. 1, briefing on the motion to dismiss has not yet been completed.

Currently, the remainder of the case schedule is as follows. The parties have suggested two competing proposals for extending various deadlines for the Court's consideration.

| Event | Current Deadline | Plaintiffs' Proposed Amended Deadline | Defendants' Proposed Amended Deadline |
|---|---|---|---|
| Fact Discovery Completed | November 30, 2018 | December 21, 2018 | January 31, 2019 |
| Final Infringement Contentions | December 7, 2018 | January 11, 2018 | February 8, 2019 |
| Final Invalidity Contentions | January 11, 2019 | January 25, 2019 | February 22, 2019 |
| Opening Expert Reports | January 15, 2019 | February 12, 2019 | March 25, 2019 |
| Responsive Expert Reports, Including Plaintiffs' Reports Relating to Objective Indicia of Non-Obviousness | March 12, 2019 | April 9, 2019 | May 22, 2019 |
| Reply Expert Reports Limited to Responses on Objective Indicia of Non-Obviousness | April 5, 2019 | May 3, 2019 | June 14, 2019 |
| Expert Discovery Completed | May 31, 2019 | June 21, 2019 | July 31, 2019 |
| Final Proposed Pretrial Order | July 29, 2019 | August 5, 2019 | September 6, 2019 |
| Pretrial Conference | August 19, 2019 | August 19, 2019 | September 23, 2019 (or at the Court's |

4

| Event | Current Deadline | Plaintiffs' Proposed Amended Deadline | Defendants' Proposed Amended Deadline |
|---|---|---|---|
| | | | convenience) |
| Trial | September 3, 2019 | September 3, 2019 | October 14, 2019 (or at the Court's convenience) |

The parties shall file post-trial findings of fact and conclusions of law on or before 45 days after the last day of trial. The parties are available to discuss the proposed amended deadlines at the Court's convenience. The primary points of dispute between Plaintiffs and Defendants are the appropriate trial date and, relatedly, the amount of time between the end of trial and the expiration of the 30 month stay,[2] as well as the appropriate amount of time for additional fact discovery needed for the outstanding depositions to be taken in the case

### III. Other Case Issues

#### A. Briefed Discovery Disputes

The only motion currently fully briefed and pending before the Court is a Hague Convention motion brought by Plaintiffs concerning a third-party contracted by Apotex to develop its ANDA product. D.I. 90, 95, 101. After that briefing was completed, Plaintiffs and Apotex have continued to confer on this issue in an effort to reach an amicable resolution without the need for Court intervention. Apotex agreed to request that the third-party produce documents and testimony. The third-party has agreed in principle to produce documents and testimony relating to its development of Apotex's ANDA product. Apotex is currently trying to ascertain the scope of documents the third-party is willing to voluntarily produce. Because the third-party has not yet agreed to produce the full scope of documents requested in Plaintiffs' Hague Convention Motion

---

[2] The parties discussed the trial date during a February 27, 2018 conference in front of Judge Sleet. *See* Ex. A.

5

and the fact discovery cutoff is approaching, Plaintiffs believe there remains a ripe dispute for Court resolution. Apotex believes that there is not a dispute ripe for Court resolution and to the extent there are any outstanding issues those issues can be resolved between the parties.

### B. Case Issues

The parties are currently negotiating in good-faith to resolve several case issues. No action is required by the Court on these issues at this time. However, should the Court's assistance become necessary, the parties will utilize the Court's dispute resolution procedures. For the Court's convenience, the parties have summarized the issues below.

Narrowing the Case. The parties are discussing ways to narrow the number of asserted claims and the number and scope of defenses in this case.

C.A. No. 1:18-cv-01586-CFC. Two new Orange Book patents have issued during the course of the current litigation. U.S. Patent No. 10,010,533 ("the '533 patent") issued on July 3, 2018, and U.S. Patent No. 10,052,385 ("the '385 patent) issued on August 21, 2018. Plaintiffs filed a separate complaint alleging infringement of these two new Orange Book patents by Defendants Fresenius Kabi and Mylan on October 15, 2018. *See Teva Pharms Int'l GmbH et al. v. Fresenius Kabi, USA, LLC et al.*, C.A. No. 1:18-cv-01586-CFC (D. Del.). That civil action is also assigned to Your Honor. Plaintiffs and Defendants Fresenius Kabi and Mylan intend to negotiate the proper method to consolidate that action with the current litigation.

C.A. No. 1:18-cv-01459-CFC. Eagle has also sued Slayback in an action filed on September 20, 2018, alleging that Slayback infringes the '707 patent, the '831 patent, the '796 patent, the '797 patent, and the '533 patent by seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of a generic version of a different product than the one at issue in this case, Bendamustine Hydrochloride Injection, 100 mg/4mL (25 mg/mL), prior to the

expiration of these patents. *See Eagle Pharms., Inc. v. Slayback Pharma, LLC*, C.A. No. 1:18-cv-01459-CFC (D. Del.). Slayback has represented that this second product has the identical formulation (before dilution for administration) as the product at issue in the first case. A scheduling conference in this case is set for November 1. Eagle and Slayback are negotiating the proper method to appropriately align that action with the current litigation.

<u>Depositions</u>. The parties have issued a number of 30(b)(6) and 30(b)(1) notices and are in the process of negotiating the appropriate scope of testimony, witnesses, and dates for deposition.

<u>Written Discovery</u>. The parties are discussing the sufficiency of the written discovery responses, including in particular interrogatory responses as to validity and non-infringement contentions, served by the parties.

<u>Document Production</u>. The parties are also discussing whether there are any outstanding issues concerning document production warranting Court intervention. The points of dispute include the methods used to collect documents, as well as whether parties have collected documents that are alleged to be in their control.

|  |  |
|---|---|
| | */s/ Nathan R. Hoeschen* |
| | John W. Shaw (No. 3362) |
| OF COUNSEL: | Karen E. Keller (No. 4489) |
| David I. Berl | Nathan R. Hoeschen (No. 6232) |
| Adam D. Harber | SHAW KELLER LLP |
| Elise M. Baumgarten | I.M. Pei Building |
| Martha C. Kidd | 1105 N. Market Street, 12th Floor |
| Shaun P. Mahaffy | Wilmington, DE 19801 |
| Ben V. Picozzi | (302) 298-0700 |
| WILLIAMS & CONNOLLY LLP | jshaw@shawkeller.com |
| 725 Twelfth Street, N.W. | kkeller@shawkeller.com |
| Washington, DC 20005 | nhoeschen@shawkeller.com |
| (202) 434-5000 | *Attorneys for Teva Pharmaceuticals* |
| *Attorneys for Teva Pharmaceuticals* | *International GmbH, Cephalon, Inc., and* |
| *International GmbH and Cephalon, Inc.* | *Eagle Pharmaceuticals, Inc.* |

OF COUNSEL:
Daniel G. Brown
Michelle L. Ernst
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200

Kenneth G. Schuler
Marc N. Zubick
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
*Attorneys for Eagle Pharmaceuticals, Inc.*

|  |  |
|---|---|
| OF COUNSEL:<br>Nicole W. Stafford<br>Bobby Delafield<br>Shyamkrishna Palaiyanur<br>WILSON SONSINI GOODRICH & ROSATI<br>900 South Capital of Texas Hwy<br>Las Cimas IV, Fifth Floor<br>Austin, TX 78746<br>(512) 338-5400<br><br>Dennis D. Gregory<br>WILSON SONSINI GOODRICH & ROSATI<br>1301 Avenues of the Americas, 40th Floor<br>New York, NY 10019<br>(212) 497-7764<br>*Attorneys for Mylan Laboratories Ltd.* | */s/ James M. Lennon*<br>James M. Lennon (No. 4570)<br>DEVLIN LAW FIRM LLC<br>1306 N. Broom Street, 1st Floor<br>Wilmington, DE 19806<br>(302) 449-9010<br>jlennon@devlinlawfirm.com<br>*Attorneys for Mylan Laboratories Ltd.* |
| OF COUNSEL:<br>Imron T. Aly<br>Kevin M. Nelson<br>Helen H. Ji<br>SCHIFF HARDIN LLP<br>233 S. Wacker Dr., Suite 6600<br>Chicago, IL 60606<br>(312) 258-5500<br><br>Arun J. Mohan<br>SCHIFF HARDIN LLP<br>666 Fifth Avenue, Suite 1700<br>New York, NY 10103<br>(212) 753-5000<br>*Attorneys for Fresenius Kabi USA, LLC* | */s/ Brian E. Farnan*<br>Brian E. Farnan (No. 4089)<br>Michael J. Farnan (No. 5165)<br>FARNAN LLP<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br>*Attorneys for Fresenius Kabi USA, LLC* |

| | |
|---|---|
| OF COUNSEL:<br>Steven Feldman<br>Sherry Rollo<br>HAHN LOESER & PARKS LLP<br>125 South Wacker Drive, Suite 2900<br>Chicago, IL 60606<br>(312) 637-3010<br>sfeldman@hahnlaw.com<br>srollo@hahnlaw.com | */s/ John C. Phillips, Jr.*<br>John C. Phillips, Jr. (No. 110)<br>Megan C. Haney (No. 5016)<br>PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806<br>(302) 655-4200<br>jcp@pgmhlaw.com<br>mch@pgmhlaw.com<br>*Attorneys for Apotex Inc. and Apotex Corp.* |
| OF COUNSEL:<br>Constance S. Huttner<br>Frank D. Rodriguez<br>James P. Barabas<br>150 John F. Kennedy Parkway<br>Short Hills, NJ 07078<br>(973) 379-4800<br>chuttner@buddlarner.com<br>frodriguez@buddlarner.com<br>jbarabas@buddlarner.com<br>*Attorneys for Slayback Pharma Limited Liability Co.* | */s/ Eve H. Ormerod*<br>Neal C. Belgam (No. 2721)<br>Eve H. Ormerod (No. 5369)<br>SMITH, KATZENSTEIN & JENKINS LLP<br>1000 West Street, Suite 1501<br>Wilmington, DE 19801<br>(302) 652-8400<br>nbelgam@skjlaw.com<br>eormerod@skjlaw.com<br>*Attorneys for Slayback Pharma Limited Liability Co.* |

Dated: October 19, 2018