IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHALON, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 17-1154-CFC |
| | ) |
| SLAYBACK PHARMA LIMITED | ) **CONSOLIDATED** |
| LIABILITY COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

[PROPOSED] SCHEDULING ORDER

Pursuant to the Court's November 5, 2018 and November 20, 2018 orders, D.I. 181, Plaintiffs Teva Pharmaceuticals International GmbH, Cephalon, Inc., and Eagle Pharmaceuticals, Inc.; and Defendants Apotex Corp. and Apotex Inc., Fresenius Kabi USA LLC, Mylan Laboratories Ltd., and Slayback Pharma Limited Liability Co. submit the following Scheduling Order:

IT IS ORDERED that:

1. <u>Rule 26(a) Initial Disclosures.</u> The parties should have made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) and their disclosures pursuant to paragraph 3 of the default ESI Order on or before January 26, 2018.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties should have been filed on or before April 23, 2018. All motions to amend the pleadings should have been filed on or before October 15, 2018.

3. <u>Discovery</u>.

    a. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before December 21, 2018.

1

    b.  <u>Document Production</u>. Document production should have been completed on or before July 15, 2018.

    c.  <u>Interrogatories.</u> Plaintiffs may serve up to 20 individual interrogatories on each Defendant Group and 5 additional interrogatories on all Defendants collectively. To the extent than an interrogatory is served on Defendants collectively, that interrogatory shall count as one interrogatory even if multiple parties provide a distinct response.

  Each Defendant Group[1] may serve up to 10 individual interrogatories on Plaintiffs collectively, and Defendants collectively may serve up to 20 joint interrogatories on Plaintiffs collectively. An interrogatory directed to the same issue regarding one or more of the patents-in-suit shall count as one interrogatory. To the extent that an interrogatory is served on Plaintiffs collectively, that interrogatory shall count as one interrogatory even if multiple parties provide a distinct response. In the event that one Defendant settles its case with Plaintiffs, the settling Defendant agrees not to object to the remaining Defendants' use of any of Plaintiffs' responses to the settled Defendant's individual interrogatories. Plaintiffs preserve all objections to such use, including relevance.

    d.  <u>Depositions.</u>

      i  <u>Limitation on Hours for Deposition Discovery.</u> Plaintiffs collectively are permitted to take a maximum of 6 fact depositions per Defendant Group. The Defendant Groups collectively are permitted to take a maximum of 20 fact depositions, including third-party depositions.

  Each deposition will be limited to 7 hours in length of on-the-record time except as

---

[1] The "Defendant Groups" are (1) Fresenius Kabi USA LLC, (2) Slayback Pharma Limited Liability Company, (3) Apotex Inc. and Apotex Corp, and (4) Mylan Laboratories Ltd.

2

specifically extended here, by order of the Court, or otherwise agreed by the parties. Every 7 hours of 30(b)(6) deposition testimony shall count as one deposition. Depositions of individuals who testify substantially in a foreign language shall be limited to 10.5 hours. The parties agree to meet and confer on whether additional time is needed for depositions of named inventors.

4. <u>Application to Court for Protective Order.</u> Disclosure of confidential information shall be governed by the Court's Protective Order, D.I. 43.

5. <u>Disputes Relating to Discovery Matters and Protective Orders.</u> Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than 48 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature which identifies with specificity the relief sought by the party. By no later than 24 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Two courtesy copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s). If a motion concerning a discovery matter or protective order is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

6. <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel shall deliver to

the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

7. <u>Courtesy Copies.</u> The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8. <u>Claim Construction Briefing.</u> If a Claim Construction Hearing is necessary for any of the three disputed claims of U.S. Patent No. 8,791,270 that were identified in the parties' Joint Claim Construction Chart, D.I. 94, Plaintiffs Teva Pharmaceuticals International GmbH and Cephalon, Inc. (collectively, "Teva") shall serve, but not file, its opening brief, not to exceed 5,500 words. Defendant Slayback Pharma Limited Liability Co. ("Slayback") shall serve, but not file, its answering brief, not to exceed 8,250 words. Teva shall serve, but not file, its reply brief, not to exceed 5,500 words. Slayback shall serve, but not file, its sur-reply brief, not to exceed 2,750 words. Teva and Slayback will meet and confer to establish mutually agreeable deadlines for serving opening and reply briefs. The text for each brief shall be 14-point and in a Times New Roman or similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

In such circumstances, no later than January 18, 2019, Teva and Slayback shall file a Joint Claim Construction Brief. The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

    A. [TERM 1]

        1. Plaintiff's Opening Position

        2. Defendant's Answering Position

        3. Plaintiff's Reply Position

        4. Defendant's Sur-Reply Position

    B. [TERM 2]

        1. Plaintiff's Opening Position

        2. Defendant's Answering Position

        3. Plaintiff's Reply Position

        4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9. <u>Hearing on Claim Construction.</u> If a Claim Construction Hearing is necessary for any of the three disputed claims of U.S. Patent No. 8,791,270 that were identified in the parties' Joint Claim Construction Chart, D.I. 94, beginning at 9:00 a.m. on February 5, 2019, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

10. <u>Disclosure of Expert Testimony.</u>

a. <u>Expert Reports.</u> With the exception of Plaintiffs' initial Federal Rule 26(a)(2) disclosure on objective indicia of non-obviousness, for the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before February 12, 2019. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party, and Plaintiffs' initial Federal Rule 26(a)(2) disclosure on objective indicia of non-obviousness, are due on or before April 9, 2019. Reply expert reports limited to objective indicia of non-obviousness are due on or before May 3, 2019. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before June 21, 2019.

b. <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for the joint proposed final pretrial order set forth herein, unless otherwise ordered by the Court.

11. <u>Case Dispositive Motions.</u>

a. <u>Summary Judgment Motions.</u> No summary judgment motions will be permitted.

b. <u>Word Limits Combined with *Daubert* Motion Word Limits.</u> In the event that a party files a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall

6

be increased to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs for each SIDE. The text for each brief shall be 14-point and in a Times New Roman or similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

12. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. <u>Pretrial Conference.</u> On September 4, 2019, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 1:30 p.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on August 29, 2019. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the side making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-

page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Compendium of Cases.</u> A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court.

16. <u>Trial.</u> This matter is scheduled for a 10-day bench trial beginning at 9:00 a.m. on September 9, 2019, with the subsequent trial days beginning at 9:00 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases. The parties shall have 30 days after the last day of trial to submit findings of fact and conclusions of law.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## [PROPOSED] DEADLINES

| Event | Deadline |
| --- | --- |
| Fact Discovery Completed | December 21, 2018 |
| Final Infringement Contentions | January 11, 2019 |
| Joint Claim Construction Brief as to the '270 Patent | January 18, 2019 (If Necessary) |
| Final Invalidity Contentions | January 25, 2019 |
| Claim Construction Hearing as to the '270 Patent | February 5, 2019 (If Necessary) |
| Opening Expert Reports | February 12, 2019 |
| Responsive Expert Reports, Including Plaintiffs' Reports Relating to Objective Indicia of Non-Obviousness | April 9, 2019 |
| Reply Expert Reports Limited to Objective Indicia of Non-Obviousness | May 3, 2019 |
| Expert Discovery Completed | June 21, 2019 |
| Final Proposed Pretrial Order | August 29, 2019, at 5:00 p.m. |
| Pretrial Conference | September 4, 2019, at 1:30 p.m. |
| Trial | September 9, 2019 |
| Facts and Conclusions of Law | October 21, 2019 |
| First Thirty-Month Stay Expires | January 6, 2020 |