IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CEPHALON, INC., *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 17-1154-CFC |
| | : | CONSOLIDATED |
| SLAYBACK PHARMA LIMITED LIABILITY CO., *et al.*, | : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

Plaintiffs Teva Pharmaceuticals International GmbH, Cephalon, Inc., and Eagle Pharmaceuticals, Inc. have moved pursuant to Federal Rules of Civil Procedure 12(c) and 12(h) for judgment on the pleadings on the Twenty-Eighth Additional Defense asserted by Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex"). D.I. 271.

Plaintiffs alleged in their complaint that Apotex infringes certain patents. *See* C.A. No. 17-1164-CFC, D.I. 1. In its answer, Apotex asserted 30 "additional defenses." Apotex's Twenty-Eighth Additional Defense alleges, in its entirety, that the "[asserted] patents are unenforceable for inequitable conduct and unclean hands." C.A. No. 17-1164-CFC, D.I. 17 at 55.

The Scheduling Order required among other things that "[a]ll motions to amend the pleadings shall be filed on or before October 1, 2018." D.I. 30 at 1. Apotex never sought to amend how it pled its Twenty-Eighth Defense; nor did it seek to extend the deadline for motions to amend the pleadings.

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(h) provides that "[f]ailure ... to state a legal defense to a claim may be raised by a motion under Rule 12(c)."

Rule 9(b) requires that, "[i]n alleging fraud ..., a party must state with particularity the circumstances constituting fraud[.]" The rule's particularity requirement applies to the affirmative defense of inequitable conduct. *See Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 306 (D. Del. 2013). It also applies to an affirmative defense of unclean hands that sounds in fraud. *See Sonos, Inc. v. D&M Holdings Inc.*, 2016 WL 4249493, at *5 (D. Del. Aug. 10, 2016), *report and recommendation adopted*, 2016 WL 4581078 (D. Del. Sept. 1, 2016); *Network Caching Tech., LLC v. Novell, Inc.*, 2001 WL 36043487, at *4 (N.D. Cal. Dec. 31, 2001) ("[T]o the extent that defendant's affirmative defense for unclean hands rests on allegations of inequitable conduct before the PTO, defendant must plead these defenses with the specificity required under Rule 9(b).") (citation

omitted). Apotex acknowledges in its answering brief that its Twenty-Eighth Defense is premised on allegations of fraud. *See* D.I. 279 at 1–4.

Apotex's conclusory allegation that the "[asserted] patents are unenforceable for inequitable conduct and unclean hands" clearly fails to meet Rule 9(b)'s particularity requirement. Apotex argues in its answering brief that its Final Invalidity Contentions set forth in detail the factual basis of its Twenty-Eighth Defense. D.I. 279 at 1. But "[i]n deciding a Rule 12(c) motion, the court does not consider matters outside the pleadings." *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004).

**WHEREFORE**, on this 1st day of August 2019, Plaintiffs' Motion for Judgment on the Pleadings on Apotex's Twenty-Eighth Additional Defense Pursuant to Fed. R. Civ. P. 12(c) and 12(h) (D.I. 271) is **GRANTED** and judgment on the Twenty-Eighth Additional Defense in Apotex's Answer (D.I. 17) is **GRANTED** in Plaintiffs' favor.

COLM F. CONNOLLY,
UNITED STATES DISTRICT JUDGE

3