IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHALON, INC., *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 17-1154-CFC<br>CONSOLIDATED |
| SLAYBACK PHARMA LIMITED<br>LIABILITY CO., *et al.*, | |
| Defendants. | |

## **MEMORANDUM**

On April 27, 2020, after a seven-day bench trial in this Hatch-Waxman patent case, I issued pursuant to Federal Rule of Civil Procedure 52(a) an Opinion in which I set forth my findings of fact and conclusions of law. D.I. 394. I held in the Opinion that the 11 patent claims asserted by the Plaintiff at trial were not invalid and that Defendants infringed and induced the infringement of those claims. D.I. 394 at 68. I then asked the parties to submit a proposed order of final judgment consistent with my Opinion. D.I. 395.

The parties are unable to agree on a proposed final judgment order because they dispute which claims should be included in the judgment. D.I. 401 at 1. Defendants argue that the judgment should be limited to the 11 claims asserted at trial. D.I. 404 at 1; D.I. 401-2 ¶¶ 1–8. Plaintiffs propose a judgment that covers those 11 claims plus 86 claims they had asserted earlier in the litigation. D.I. 402

at 2; D.I. 401-1 ¶ 11.

The parties agree that resolution of their dispute turns on the meaning of two paragraphs in two stipulated orders I signed before trial. *See* D.I. 402 at 1; D.I. 404 at 1–2. Paragraph 8 of the first Stipulation and Order, which applies to all parties save Defendant Slayback Pharma LLC, reads: "The parties stipulate that a determination as to non-infringement and/or invalidity of the asserted claims at trial will result in a final judgment as to each Defendant of all patents that have been asserted by Plaintiffs in this case as to each such Defendant, respectively, with the exception of U.S. Patent No. 8,791,270, which has been resolved by the granting of covenants not to sue and/or consent judgments." D.I. 320 ¶ 8. Paragraph 4 of the second Stipulation and Order reads: "Plaintiffs and Slayback stipulate that a determination as to invalidity of the asserted claim at trial will result in a final judgment as to Slayback of all claims of the patent that has been asserted by Slayback in this case, with the exception of U.S. Patent No. 8,791,270, which has been resolved by the granting of a consent judgment." D.I. 319 ¶ 4.

Defendants argue that the stipulations apply "only to a situation in which ***Defendants*** won"—i.e., a situation in which I found that the asserted claims were invalid and/or not infringed—because the stipulations apply only to a "determination as to ***non***-infringement and/or ***in***validity." D.I. 404 at 1–2. (emphasis in original). Plaintiffs counter that "Defendants misread the stipulations

2

to apply only to determinations *of* non-infringement or invalidity—not as they actually provide, to determinations '***as to*** non-infringement and/or invalidity.'" D.I. 402 at 3 (emphasis in original) (citation omitted).

At the outset, "it must be said that *as to* is an all-purpose preposition to be avoided whenever a more specific preposition will do." Bryan A. Garner, *Garner's Modern English Usage* 79 (4th ed. 2016). The phrase is typically used as "a passable shorthand form of *regarding, with regard to,* or *on the question of,* and it "is also (minimally) defensible when used for *about.*" *Id.* at 80. It is clear to me now, and it was clear to me at the time I signed the stipulated orders, that the parties used "as to" in their stipulations in these "passable shorthand" and "defensible" (even if minimally) ways. Thus, the stipulations apply to any determination I made regarding, about, or on the questions of noninfringement and invalidity of the asserted claims.

It is equally clear that the stipulations do not apply only to "a situation in which Defendants won." My determination that Plaintiffs had established that the Defendants' proposed products infringe the asserted claims necessarily entailed a determination that Defendants had failed to prevail on their claim that the proposed products were noninfringing. Defendants' contention that a "determination as to non-infringement" differs from a "determination as to infringement" makes no sense in a case like this one where Plaintiffs seek a declaratory judgment of

3

infringement and Defendants seek a declaratory judgment of noninfringement. The accused products in such a case either infringe the asserted patents or don't infringe the asserted patents. I note in this regard that even though all the Defendants accused by Plaintiffs of infringement filed counterclaims seeking declaratory judgments of noninfringement, those Defendants never distinguished Plaintiffs' infringement claims from Defendants' noninfringement counterclaims until I asked the parties to meet and confer about a final judgment order. For example, in the jointly-filed Pretrial Order, the Defendants proposed the following order of presentation of evidence at trial:

| Phase I | Plaintiffs' presentation of asserted patents and case-in-chief on infringement |
| --- | --- |
| Phase II | Defendants' response on infringement, and case-in-chief on invalidity |
| Phase III | Plaintiffs' rebuttal on infringement and response on invalidity |
| Phase IV | Defendants' rebuttal on invalidity |

D.I. 307 at 19. Defendants made no mention of "non-infringement" because it would have been redundant of "infringement."

In the same vein, "invalid" and "not invalid" are inseparable concepts in a patent case. My determination that the asserted claims were not invalid constitutes a determination on the question of invalidity.

Defendants argue that the stipulated orders apply only to findings of "*in*validity" as opposed to findings of "validity." D.I. 404 at 1 (emphasis in

4

original); *see also id.* at 3 (arguing that "[t]he stipulation does not provide automatic judgment to Plaintiffs for infringement and validity."). But it is not the role of the court (or jury) to declare a patent valid. When a patent's validity is challenged, the court (or jury) is tasked with deciding if the challenger has proven that the patent is invalid. The "determination" to be made in such cases is whether the patent is invalid or not invalid. Under 35 U.S.C. § 282, "[a] patent shall be presumed valid." Thus, "[a] suit brought only for a declaration that a patent is valid would be an anomaly, and a patentee who in an infringement suit asks the court to hold his or her patent valid states a redundancy . . . ." Robert L. Harmon, Cynthia A. Homan & Laura A. Lydigsen, *Patents and the Federal Circuit*, §1.5(b)(i), at 40 (13th ed. 2017). In this case, I determined that the asserted claims were "not invalid." D.I. 394 at 68. That determination is clearly "a determination as to invalidity."

Because the stipulated orders apply to my determinations that the asserted claims are infringed and not invalid, the judgment in this case should extend to all the claims of all the patents that were asserted in the case by Plaintiffs except for U.S. Patent No. 8,791,270. The first Stipulation and Order provides in relevant part that "a determination as to non-infringement and/or invalidity of the asserted claims at trial will result in a final judgment as to each Defendant *of all patents that have been asserted by Plaintiffs in this case* as to each such Defendant,

respectively." D.I. 320 ¶ 8 (emphasis added). The phrase "all patents that have been asserted by Plaintiffs in this case" is unambiguous. It clearly covers every claim of every patent asserted by Plaintiffs at any time in the case before the date of the Stipulation and Order. The language of the second Stipulation and Order is also unambiguous. It provides in relevant part that "a determination as to invalidity of the asserted claim at trial will result in a final judgment as to Slayback of *all claims of the patent that has been asserted by Slayback in this case.*" D.I. 318 ¶ 4 (emphasis added). Thus, pursuant to the second stipulated order, my determination that claim 13 of U.S. Patent No. 9,572,887 is not invalid requires a judgment against Slayback that covers all claims of that patent.

For these reasons, I will enter the Order proposed by Plaintiffs.

July 6, 2020

_____
United States District Judge