IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHALON, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 17-1154-CFC |
| SLAYBACK PHARMA LLC, *et al.*, | ) CONSOLIDATED |
| | ) |
| Defendants. | ) |
| | ) |

## [~~PROPOSED~~] FINAL JUDGMENT ORDER

WHEREAS, in September 2019, the Court held a seven-day bench trial in the above-captioned matter. For the reasons set forth in the Court's Opinion of April 27, 2020 (D.I. 394) and the Parties' Stipulations (D.I. 318 ¶ 4, 320 ¶ 8),[1] the

---

[1] To narrow the issues in dispute for purposes of trial, the Parties stipulated that a determination as to non-infringement (in the case of Apotex, Fresenius Kabi, and Mylan) and/or invalidity (in the case of all Defendants) of the claims asserted at trial would result in a final judgment as to each Defendant of all patents that had been asserted by Plaintiffs in this case as to each such Defendant, respectively, with the exception of U.S. Patent No. 8,791,270, which had been resolved by the granting of covenants not to sue and/or consent judgments. (D.I. 318 ¶ 4; 320 ¶ 8.) The parties have further agreed that a decision by the U.S. Court of Appeals for the Federal Circuit in an appeal from this judgment as to all of the claims advanced at trial against a Defendant will govern the judgment as to the remainder of the claims that were asserted against that same Defendant. Thus, for Apotex, Fresenius Kabi, and Mylan, an appellate decision as to non-infringement or invalidity of all claims asserted against those Defendants at trial will govern the judgment as to the claims set forth in Paragraphs ¶¶ 2, 4, and 6, respectively. For Slayback, an appellate decision as to invalidity will govern the judgment as to claims 3, 12, 13, 18, 21, 22, 25, 29 of U.S. Patent No. 9,572,887 (the "#887

1

Court hereby enters the following judgment for Plaintiffs Teva Pharmaceuticals International GmbH, Cephalon, Inc., and Eagle Pharmaceuticals, Inc. (collectively, "Plaintiffs") and against Defendants Apotex Inc., Apotex Corp. (collectively, "Apotex"), Fresenius Kabi USA, LLC ("Fresenius Kabi"), Mylan Laboratories Ltd. ("Mylan"), and Slayback Pharma LLC ("Slayback"):

1. Apotex's filing of Abbreviated New Drug Application ("ANDA") No. 210601 ("Apotex's ANDA") infringes claims 2, 3, 5 of U.S. Patent No. 9,265,831 (the "#831 patent"); claims 9, 11 of U.S. Patent No. 9,572,797 (the "#797 patent"); claims 11, 18, 22 of U.S. Patent No. 9,144,568 (the "#568 patent"); and claims 13, 15 of U.S. Patent No. 9,597,399 (the "#399 patent"). The manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the product that is the subject of Apotex's ANDA ("Apotex's ANDA Product"), in accordance with Apotex's proposed labeling, would infringe or induce infringement of the same claims.[2]

2. Based on the Parties' Stipulation, D.I. 320 ¶ 8, and the record at trial with respect to the claims in the preceding paragraph, Apotex's filing of Apotex's ANDA also infringes claims 7, 12, 14, 18, 20 of U.S. Patent No. 8,609,707 (the

---

patent").
[2] For clarity, nothing in this Order precludes Defendants from conducting activities that are protected under 35 U.S.C. § 271(e)(1). In addition, nothing in this Order precludes Defendants from seeking relief from this Judgment under Rule 60, if warranted.

2

"#707 patent"); claims 5, 7, 18, 20, 24 of U.S. Patent No. 9,572,796 (the "#796 patent"); claims 2, 3, 5, 7, 8, 10, 20, 21 of the #797 patent; claims 1, 5, 8-10, 14, 19, 22, 23 of U.S. Patent No. 9,034,908 (the "#908 patent"); claims 6, 8, 15, 21 of the #568 patent; claims 3, 12, 13, 18, 21, 22, 25, 29 of the #887 patent; claims 3-7 of U.S. Patent No. 9,597,397 (the "#397 patent"); claims 2, 3 of U.S. Patent No. 9,597,398 (the "#398 patent"); claims 2, 4, 17 of the #399 patent; claims 3-5, 9, 11, 14, 15, 17, 19, 21, 24, 26, 28, 29 of U.S. Patent No. 9,000,021 (the "#021 patent"); and claims 7, 12, 13, 18, 19, 23 of U.S. Patent No. 9,579,384 (the "#384 patent"). The manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of Apotex's ANDA Product, in accordance with Apotex's proposed labeling, would also infringe or induce infringement of the same claims.

3. Fresenius Kabi's filing of ANDA No. 210410 ("Fresenius Kabi's ANDA") infringes claims 2, 3, 5 of the #831 patent; claims 9, 11 of the #797 patent; claims 11, 18, 22 of the #568 patent; and claim 15 of the #399 patent. The manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the product that is the subject of Fresenius Kabi's ANDA ("Fresenius Kabi's ANDA Product"), in accordance with Fresenius Kabi's proposed labeling, would infringe or induce infringement of the same claims.

4. Based on the Parties' Stipulation, D.I. 320 ¶ 8, and the record at trial

with respect to the claims in the preceding paragraph, Fresenius Kabi's filing of Fresenius Kabi's ANDA also infringes claims 7, 12, 14, 18, 20 of the #707 patent; claims 5, 7, 18, 20, 24 of the #796 patent; claims 2, 3, 5, 7, 8, 10, 20, 21 of the #797 patent; claims 1, 5, 8-10, 14, 19, 22, 23 of the #908 patent; claims 6, 8, 15, 21 of the #568 patent; claims 3, 12, 13, 18, 21, 22, 25, 29 of the #887 patent; claims 3-7 of the #397 patent; claims 2, 3 the #398 patent; claims 2, 4, 17 of the #399 patent; claims 3-5, 9, 11, 14, 15, 17, 19, 21, 24, 26, 28, 29 of the #021 patent; claims 7, 12, 13, 18, 19, 23 of the #384 patent; claims 2, 3, 5, 8-12, 14, 17-19, 25, 26 of U.S. Patent No. 10,010,533 (the "#533 patent"); and claims 3, 4, 6, 7 of U.S. Patent No. 10,052,385 (the "#385 patent"). The manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of Fresenius Kabi's ANDA Product, in accordance with Fresenius Kabi's proposed labeling, would also infringe or induce infringement of the same claims.

5. Mylan's filing of ANDA No. 210827 ("Mylan's ANDA") infringes claims 2, 3, 5 of the #831 patent; claims 9, 11 of the #797 patent; claims 11, 18, 22 of the #568 patent; and claim 15 of the #399 patent. The manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the product that is the subject of Mylan's ANDA ("Mylan's ANDA Product"), in accordance with Mylan's proposed labeling, would infringe or induce infringement of the same claims.

6. Based on the Parties' Stipulation, D.I. 320 ¶ 8, and the record at trial with respect to the claims in the preceding paragraph, Mylan's filing of Mylan's ANDA also infringes claims 7, 12, 14, 18, 20 of the #707 patent; claims 5, 7, 18, 20, 24 of the #796 patent; claims 2, 3, 5, 7, 8, 10, 20, 21 of the #797 patent; claims 1, 5, 8-10, 14, 19, 22, 23 of the #908 patent; claims 6, 8, 15, 21 of the #568 patent; claims 3, 12, 13, 18, 21, 22, 25, 29 of the #887 patent; claims 3-7 of the #397 patent; claims 2, 3 the #398 patent; claims 2, 4, 17 of the #399 patent; claims 3-5, 9, 11, 14, 15, 17, 19, 21, 24, 26, 28, 29 of the #021 patent; claims 7, 12, 13, 18, 19, 23 of the #384 patent; claims 2, 3, 5, 8-12, 14, 17-19, 25, 26 of the #533 patent; and claims 3, 4, 6, 7 of the #385 patent. The manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of Mylan's ANDA Product, in accordance with Mylan's proposed labeling, would also infringe or induce infringement of the same claims.

7. Slayback's filing of ANDA No. 210617 ("Slayback's ANDA") infringes claim 13 of the #887 patent. The manufacture, use, sale, or offer for sale within the United States, or importation into the United States of the product that is the subject of Slayback's ANDA ("Slayback's ANDA Product"), in accordance with Slayback's proposed labeling, would induce infringement of the same claims.

8. Claims 7, 12, 14, 18, 20 of the #707 patent, claims 2, 3, 5 of the #831 patent; claims 5, 7, 18, 20, 24 of the #796 patent; claims 2, 3, 5, 7-11, 20, 21 of the

5

#797 patent; claims 1, 5, 8-10, 14, 19, 22, 23 of the #908 patent; claims 6, 8, 11, 15, 18, 21, 22 of the #568 patent; claims 3, 12, 13, 18, 21, 22, 25, 29 of the #887 patent; claims 3-7 of the #397 patent; claims 2, 3 of the #398 patent; claims 2, 4, 13, 15, 17 of the #399 patent; claims 3-5, 9, 11, 14, 15, 17, 19, 21, 24, 26, 28, 29 of the #021 patent; claims 7, 12, 13, 18, 19, 23 of the #384 patent; claims 2, 3, 5, 8-12, 14, 17-19, 25, 26 of the #533 patent; and claims 3, 4, 6, 7 of the #385 patent are not invalid.

  9. Pursuant to 35 U.S.C. § 271(e)(4)(A), the U.S. Food & Drug Administration shall not approve Apotex's, Fresenius Kabi's, Mylan's, Slayback's ANDA Products on a date which is earlier than the expiration date of the latest-expiring claim that such Defendant has been adjudged to infringe (in all cases, January 28, 2031) (D.I. 315-1 ¶¶ 14, 23, 33, 42, 53, 62, 72, 82, 91, 102, 111, 123, 131, 142), including any extensions and market exclusivities, except as agreed to by Plaintiffs and Fresenius Kabi pursuant to a settlement of this litigation.

  10. Pursuant to 35 U.S.C. § 271(e)(4)(B), Apotex, Fresenius Kabi, Mylan, and Slayback; their officers, agents, servants, employees, and attorneys; and any other persons who are in active concert or participation with anyone described above are hereby enjoined from commercially manufacturing, using, offering to sell, or selling within the United States, or importing into the United States, their ANDA Products before the expiration date of the latest-expiring claim that such

Defendant has been adjudged to infringe (in all cases, January 28, 2031) (D.I. 315-1 ¶¶ 14, 23, 33, 42, 53, 62, 72, 82, 91, 102, 111, 123, 131, 142), including any extensions and market exclusivities, except as agreed to by Plaintiffs and Fresenius Kabi pursuant to a settlement of this litigation.

11.  Judgment is hereby entered (a) in favor of Plaintiffs and against Apotex, Fresenius Kabi, Mylan, and Slayback on Plaintiffs' claims for infringement of claims 3, 12, 13, 18, 21, 22, 25, 29 of the #887 patent; (b) in favor of Plaintiffs and against Apotex, Fresenius Kabi, and Mylan on Plaintiffs claims for infringement of claims 7, 12, 14, 18, 20 of the #707 patent, claims 2, 3, 5 of the #831 patent; claims 5, 7, 18, 20, 24 of the #796 patent; claims 2, 3, 5, 7-11, 20, 21 of the #797 patent; claims 1, 5, 8-10, 14, 19, 22, 23 of the #908 patent; claims 6, 8, 11, 15, 18, 21, 22 of the #568 patent; claims 3-7 of the #397 patent; claims 2, 3 of the #398 patent; claims 2, 4, 13, 15, 17 of the #399 patent; claims 3-5, 9, 11, 14, 15, 17, 19, 21, 24, 26, 28, 29 of the #021 patent; and claims 7, 12, 13, 18, 19, 23 of the #384 patent; (c) in favor of Plaintiffs and against Fresenius Kabi and Mylan on Plaintiffs' claims for infringement of claims 2, 3, 5, 8-12, 14, 17-19, 25, 26 of the #533 patent; and claims 3, 4, 6, 7 of the #385 patent; and (d) in favor of Plaintiffs and against Defendants on Defendants' counterclaims and defenses.  Plaintiffs and Fresenius Kabi acknowledge that this Judgment operates as a final judgment for purposes of claim and issue preclusion with respect to the validity and

7

enforceability of the claims that Fresenius Kabi has been adjudged to infringe.

12. All other claims, counterclaims, and defenses of Plaintiffs, Apotex, Fresenius Kabi, Mylan, and Slayback in their respective Complaints and Answers are dismissed without prejudice.

IT IS SO ORDERED this 5th day of August, 2021

_____
The Honorable Colm F. Connolly